Bronx Islamic Socy., Inc. v Ally (2018 NY Slip Op 01276)





Bronx Islamic Socy., Inc. v Ally


2018 NY Slip Op 01276


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


5821N 22008/16

[*1] The Bronx Islamic Society, Inc., Plaintiff-Respondent,
v
Terrence H. Ally, et al., Defendants-Appellants.


Arthur L. Gallagher, Bronx, for appellants.
Law Office of John J. Janiec, New York (John J. Janiec of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered on or about November 18, 2016, which permanently enjoined defendants from, inter alia, entering or remaining upon plaintiff's premises or coming within 1,000 feet of the premises, unanimously modified, on the facts, to delete the language "or coming within 1,000 feet of the premises," and otherwise affirmed, without costs.
Plaintiff, a corporation organized under article 10 of the Religious Corporation Law, owns and operates a mosque. Defendants are founding members of plaintiff, and defendants Mohamed Rafeek Baksh and Mohamed Shabir Khan are former members of its board of trustees. Plaintiff alleges that when Baksh and Khan were removed from the board, they conspired with defendant Terrence Ally to undermine the new leadership. Plaintiff thus purported to terminate their memberships, and now seeks to enjoin them from, inter alia, coming within 1,000 feet of its property.
The motion court correctly found that the underlying membership dispute is not capable of judicial resolution, i.e., that it cannot be "decided solely upon the application of neutral principles of . . . law, without reference to any religious principle" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]; accord Matter of Ming Tung v China Buddhist Assn., 124 AD3d 13, 18 [1st Dept 2014], affd 26 NY3d 1152 [2016], cert denied ___ US ___, 137 S Ct 628 [2017]). As plaintiff's bylaws "condition membership on religious criteria," plaintiff's decision to terminate defendants' memberships is binding on the courts (Congregation Yetev Lev, 9 NY3d at 288).
Contrary to defendants' contentions, the issue whether their memberships were validly terminated under plaintiff's bylaws is at the core of this dispute. Plaintiff seeks to exclude defendants from its organization and property. If defendants were members, the exclusions would be subject to procedures set forth in the bylaws. If, however, their memberships were validly terminated, those procedures would not apply, and there would be no basis for defendants to challenge the exclusions (see Ming Tung, 124 AD3d at 19).
Although plaintiff sought only a preliminary injunction, the motion court properly granted final relief sua sponte. While, generally, permanent injunctions are not permitted before trial (see Oppenheim v Thanasoulis, 123 App Div 494 [1st Dept 1908]; Durkin v Durkin Fuel Acquisition Corp., 224 AD2d 574 [2d Dept 1996]), further proceedings in this matter would simply be wasteful, in view of the fact that plaintiff's termination of defendants' memberships is binding on the courts (cf. CPLR 3211[c]; Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1st Dept 1987] [notice of court's intention to treat CPLR 3211(c) motion as it would a CPLR 3212 motion not required where "action involves no issues of fact, but only issues of law fully appreciated and argued by both sides"]).
Defendants also object to the injunction against entering within 1,000 feet of plaintiff's premises as an unconstitutional restriction on speech. We need not reach this issue as we find that the 1,000 foot restraint is unnecessary to accomplish plaintiff's goals and that the injunction [*2]against defendants' entering or remaining on plaintiff's premises is sufficient.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK